### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>   Plaintiff,<br> v.<br><br>JOHN E. REID & ASSOCIATES, INC., and MICHAEL MASOKAS,<br><br>   Defendants. | Case No. 1:14-cv-1021 |

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Hartford Casualty Insurance Company ("Hartford") by and through its undersigned counsel, hereby alleges as follows:

### NATURE OF THE COMPLAINT

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, relating to claims for insurance coverage for an action styled *Rivera v. Lake County, et al.*, Case No. 12-CV-08665 (N.D. Ill.) (the "Underlying Lawsuit") by John E. Reid & Associates, Inc. ("John E. Reid") under certain liability insurance policies issued by Hartford. In the Underlying Lawsuit, plaintiff Juan Rivera seeks to recover compensatory and punitive damages against, among others, John E. Reid, Michael Masokas, a John E. Reid employee, and other unknown employees of John E. Reid, for claims arising out of Mr. Rivera's exoneration of the rape and murder of Holly Staker, charges for which Mr. Rivera was convicted in November 1993. Mr. Rivera's conviction was overturned on December 9, 2011 and on January 6, 2012, when the prosecution declined to appeal, Mr. Rivera was released from prison.

2. On October 30, 2012, John E. Reid, Michael Masokas, and other unknown employees of John E. Reid were named as defendants in the Underlying Lawsuit.

3. Hartford issued Policy No. 83 SBA PL1812 DV to John E. Reid & Associates, Inc., for the policy period December 1, 2002 to December 1, 2003. Policy No. 83 SBA PL1812 DV was renewed annually thereafter through December 1, 2009. Hartford issued Policy No. 83 SBAVZ8003 to John E. Reid & Associates, Inc., for the policy period December 1, 2009 to December 1, 2010. Policy No. 83 SBAVZ8003 was renewed annually thereafter through December 1, 2013 (collectively, the "Hartford Policies").

4. Since at least April 1, 2013, Hartford, pursuant to a full reservation of rights, has been participating in the defense of John E. Reid and Michael Masokas (collectively, "Defendants") in connection with the Underlying Lawsuit.

5. Hartford now brings this action against Defendants seeking a declaration of the parties' respective rights and obligations for the Underlying Lawsuit.

6. Specifically, Hartford seeks a declaration regarding whether and to what extent Hartford has coverage obligations for the Underlying Lawsuit.

7. Actual controversies exist between and among the parties necessitating declarations regarding the parties' respective rights and obligations under the Hartford Policies.

## **PARTIES**

8. Hartford Casualty Insurance Company is an Indiana corporation with its principal place of business in Hartford, Connecticut and is licensed to, and does, conduct business in the State of Illinois.

9. On information and belief, John E. Reid is a for-profit Illinois corporation with its principal place of business at 250 South Wacker Drive, Chicago, Illinois 60606.

10. On information and belief, Michael Masokas is a citizen and resident of the State of Illinois.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy for each defendant exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, on information and belief, John E. Reid is an Illinois corporation with its principal place of business in this District which has transacted and continues to transact business in this District and Michael Masokas is a citizen and resident of the State of Illinois.

## FIRST CLAIM FOR RELIEF
*Declaration of Coverage – Duty to Defend or Pay Defense Costs*

13. Hartford repeats and incorporates Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. Hartford seeks a judicial declaration of whether and, if so, to what extent Hartford is obligated under the Hartford Policies to defend Defendants or to reimburse them for defense costs incurred in connection with the Underlying Lawsuit.

## SECOND CLAIM FOR RELIEF
*Declaration of Coverage - Duty To Indemnify or To Pay Indemnity Costs*

15. Hartford repeats and incorporates Paragraphs 1 through 14 as if fully set forth herein.

16. Hartford seeks a judicial determination as to whether and, if so, to what extent Hartford is obligated under the Hartford Policies to indemnify Defendants or to reimburse them for indemnity costs incurred in connection with the Underlying Lawsuit.

**PRAYER FOR RELIEF**

**WHEREFORE**, Hartford prays that the Court enter the following relief:

A. A judicial determination as to whether and, if so, to what extent Hartford is obligated under the Hartford Policies to defend Defendants or to reimburse them for defense costs incurred in the Underlying Lawsuit;

B. A judicial determination as to whether and, if so, to what extent Hartford is obligated under the Hartford Policies to indemnify the Defendants or to reimburse them for indemnity costs incurred in the Underlying Lawsuit; and

C. Any other relief that is equitable, just, and proper.

**JURY DEMAND**

Hartford demands trial by jury of all factual causes of action raised by this Complaint.

Dated: February 13, 2014

Respectfully submitted,

s/Wayne S. Karbal
Wayne S. Karbal
Dena Economou
**KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC**
150 South Wacker Drive, Suite 1700
Chicago, IL 60606
Tel: (312) 431-3700
Fax: (312) 431-3670

and

James P. Ruggeri
Danielle S. Rosborough
**SHIPMAN & GOODWIN L.L.P.**
1133 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: (202) 469-7750
Fax: (202) 469-7751